**15 UIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REUBEN HARLEY,

     *Plaintiff,*

     v.

MITCHELL & NESS NOSTALGIA CO., AND
FANATICS, INC.

     *Defendants.*

Case No. 2:26-CV-4787

## <u>NOTICE OF REMOVAL</u>

Defendant Fanatics LLC[1] f/k/a Fanatics, Inc. ("Fanatics"), by and through its undersigned

counsel, hereby provides notice, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, of

the removal of this action from the Court of Common Pleas of Philadelphia County, First

Judicial District, Civil Trial Division, Case ID 260600784, to the United States District Court for

the Eastern District of Pennsylvania. In support thereof, Fanatics respectfully states as follows:

**I.    BACKGROUND**

1.    On or about June 4, 2026, Plaintiff Reuben Harley ("Plaintiff" or

"Harley") filed a Complaint against non-existent entity Mitchell & Ness Nostalgia Co. ("M&N

Nostalgia") and Fanatics, Inc. ("Fanatics"), (collectively "Defendants"), in the Court of Common

Pleas of Philadelphia County, First Judicial District, Civil Trial Division, Case ID 260600784

(the "State Court Action"). A true and correct copy of the Complaint and all process, pleadings,

and orders served on Defendants is attached hereto as **Exhibit A**.

---

[1]    Plaintiff named "Fanatics, Inc." as a defendant.  As explained herein, that entity no longer
exists because it was converted into Fanatics, LLC.

2. The Complaint asserts five causes of action: (1) Breach of Contract; (2) False Endorsement and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a); (3) Unjust Enrichment/Quantum Meruit; (4) Equitable Accounting; and (5) Unauthorized Commercial Use of Name or Likeness Under 42 Pa. C.S. § 8316. The Complaint relates to a contractual relationship that ended decades ago between Plaintiff and a former Mitchell & Ness entity. The Complaint also alleges that Fanatics is a "successor-in-interest to Mitchell & Ness" following a certain February 2022 acquisition by Fanatics of a Mitchell & Ness entity. Compl. ¶ 37.

3. Plaintiff alleges that Defendants in the "early 2000s" used his name, likeness, persona, identity, and association with the Mitchell & Ness brand in commerce, in connection with the advertising and promotion of goods and services, in a manner likely to cause confusion as to affiliation, sponsorship, endorsement, or approval. Compl. ¶¶ 2; 39–45.

4. Fanatics was served with the Complaint on June 12, 2026. This Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION

5. This Court has original subject matter jurisdiction over this action on two independent grounds: (a) federal-question jurisdiction under 28 U.S.C. § 1331 and (b) diversity jurisdiction under 28 U.S.C. § 1332.

### A. Federal-Question Jurisdiction (28 U.S.C. § 1331)

6. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint presents a claim "arising under" the laws of the United States.

7. Count II of the Complaint expressly asserts a federal cause of action for "False Endorsement and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a)." Compl. ¶¶ 39–45. Plaintiff alleges that Defendants' actions violate Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a)(1)(A) and (B), and seeks relief including disgorgement of profits under 15 U.S.C. § 1117, treble damages and attorneys' fees under 15 U.S.C. § 1117(a), and injunctive relief under 15 U.S.C. § 1116. Compl. ¶¶ 43–45; Prayer for Relief ¶¶ (c)–(e).

8.     Because a federal claim appears on the face of the Complaint, federal-question jurisdiction exists, and removal is proper under 28 U.S.C. §§ 1331 and 1441(a). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9.     This Court has supplemental jurisdiction over Plaintiff's related state-law claims (Counts I, III, IV, and V) pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy and derive from a common nucleus of operative fact as the federal Lanham Act claim.

**B.     Diversity Jurisdiction (28 U.S.C. § 1332)**

10.     Independently and alternatively, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Fanatics, the properly joined Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**M&N Nostalgia Is Fraudulently Joined and/or a Nominal Party**

11.     All properly joined and served Defendants consent to this removal. The consent of M&N Nostalgia, a non-existent entity (as explained below), is not required because it has been fraudulently joined and/or is a nominal or formal party whose citizenship must be disregarded for purposes of determining diversity jurisdiction. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (consent of fraudulently joined defendant is not required for removal).

12.     A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *In re Briscoe*, 448 F.3d

201, 216 (3d Cir. 2006). Where there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant," or there is "no real intention in good faith to prosecute the action against the defendant," the Court must disregard the citizenship of the fraudulently joined party. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 411–12 (E.D. Pa. 2009).

13.     M&N Nostalgia, identified in the complaint as a "Pennsylvania business entity," ceases to exist. *See* Declaration of Margaret O'Brien ("O'Brien Decl."), ¶¶ 4–5, attached hereto as **Exhibit B**.

14.     In 2007, M&N Nostalgia was merged into Mitchell & Ness, a Pennsylvania corporation ("M&N-PA"). *Id.* However, M&N-PA is no longer an operational entity and the Pennsylvania Department of State identifies its status as "County Orphan." *Id.*; *see also* PA Dept. State, Business Entity Search, located at https://file.dos.pa.gov/search/business.

15.     In 2022, Fanatics acquired Mitchell & Ness LLC, which, as explained below, is a citizen of Delaware and Florida.

16.     Because M&N Nostalgia (the named defendant) no longer exists as a separate entity capable of being sued, there is no reasonable basis in fact or colorable ground supporting any independent claim against M&N Nostalgia. Accordingly, M&N Nostalgia has been fraudulently joined, and its citizenship must be disregarded.

17.     In the alternative, M&N Nostalgia is at most a nominal or formal party that has no real interest in the controversy and need not be considered for diversity purposes. Courts disregard nominal or formal parties that have no real stake in the controversy. *Lincoln*

*Prop. Co. v. Roche*, 546 U.S. 81, 91–92 (2005); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).

**Complete Diversity Exists**

18.    With M&N Nostalgia's citizenship disregarded, complete diversity exists between the parties:

- **Reuben Harley** is a citizen of the Commonwealth of Pennsylvania, residing at 1624 South Etting Street, Philadelphia, PA 19145. Compl. ¶ 6.

- **Fanatics, LLC f/k/a Fanatics, Inc.** is an LLC formed under the laws of the State of Delaware; no member of Fanatics, LLC or person in its chain of ownership is a citizen of Pennsylvania. Ex. B, O'Brien Decl. ¶ 2 (detailing chain of ownership).

19.    It is worth noting that in or around 2022, Fanatics formed a holding company, Mitchell & Ness Holdco, LLC ("M&N Holdco LLC"), which acquired 100% of the interests in Mitchell & Ness LLC ("M&N LLC"). Ex. B, O'Brien Decl. ¶ 6.

20.    M&N LLC was not named in the Complaint. But even if Plaintiff claims that he intended to name M&N LLC, it would not matter for diversity of citizenship purposes:

- **M&N LLC** is an LLC formed under the laws of the State of Delaware; no member or owner of M&N LLC is a citizen of Pennsylvania. Ex. B, O'Brien Decl. ¶ 7.

- **M&N Holdco LLC** is an LLC formed under the laws of the State of Delaware; no member or person in the chain of ownership of M&N Holdco LLC, which owns 100% of M&N LLC, is a citizen of Pennsylvania. *Id.* ¶¶ 7–8.

21.    Therefore, complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Pennsylvania. Fanatics, LLC f/k/a Fanatics, Inc. is a citizen of Delaware and New York. The Complaint names M&N Nostalgia, which no longer exists and therefore, its citizenship should be disregarded. Any attempt by Plaintiff to amend or correct the

caption to name M&N LLC or its parent for purposes of destroying diversity of citizenship would be futile because they are citizens of Delaware and Florida.

**The Amount in Controversy Exceeds $75,000**

22. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). The Complaint seeks, inter alia:

- Compensatory damages in excess of $50,000 for breach of contract and unjust enrichment;

- A "verified accounting" of all throwback jersey sales and commissions;

- Disgorgement of profits under 15 U.S.C. § 1117;

- Treble damages and attorneys' fees under 15 U.S.C. § 1117(a);

- Statutory damages, costs, and fees; and

- Injunctive relief.

23. The Complaint alleges that Mitchell & Ness sales escalated from approximately $2.2 million in 1999 to $25 million in 2002 and approximately $36 million within five years of Harley's engagement, Compl. ¶ 20. Plaintiff alleges a right to a "commission consisting of a percentage of total sales of Mitchell & Ness throwback jerseys attributable to or associated with his efforts." *Id.* at ¶ 33.

24. Plaintiff makes vague references to an "Agreement" that is more than two-decades old without attaching it to the Complaint. To the extent Plaintiff wishes to place in controversy the amounts he was owed under those agreements by certain Mitchell & Ness entities (which were paid to him two decades ago), those agreements show that Plaintiff received hundreds of thousands of dollars in compensation, including compensation to waive and release *the very claims that are the subject of this action*. *See* Settlement Agreement dated February 1,

6

2006 (the "2006 Settlement Agreement"), a true and correct copy of which is attached hereto as **Exhibit C** (Plaintiff accepting $225,000 to terminate his employment agreement, selling back his stock for a $50,000 payment, and releasing all of his causes of action and claims against the Mitchell & Ness entities, among other provisions)**;** *see also* Settlement Agreement and Release dated June 30, 2005, a true and correct copy of which is attached hereto as **Exhibit D**; Employment Agreement dated June 30, 2005, a true and correct copy of which is attached hereto as **Exhibit E**; Shareholder's Agreement dated June 30, 2005, a true and correct copy of which is attached hereto as **Exhibit F**; and Subscription Agreement dated June 30, 2005, a true and correct copy of which is attached hereto as **Exhibit G**.[2]

25. Given the nature and scope of the claims and relief sought, it is facially apparent that the amount in controversy exceeds $75,000.

## III. REMOVAL IS PROPER

26. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1). Fanatics was served with the Complaint on June 12, 2026, and this Notice is filed within thirty (30) days thereof.

---

[2] As Fanatics plans to submit to this Court on the merits, the 2006 Settlement Agreement between Plaintiff and, among others, M&N Nostalgia, reads "Harley hereby generally releases and discharges Mitchell & Ness Nostalgia Company, Mitchell & Ness, Peter Capolino, and each of their predecessors, successors (by merger or otherwise), parents, subsidiaries, affiliated entities, divisions and assigns . . . (herein collectively referred to as the "Mitchell & Ness Group") from any and all suits, causes of action, complaints, obligations, demands, or claims of any kind, whether in law or in equity, direct or indirect, known or unknown, suspected or unsuspected (hereinafter "Claims"), which Harley ever had, now has, or may have against Mitchell & Ness Nostalgia Company, Mitchell & Ness, Peter Capolino, the Mitchell & Ness Group or any one of them arising out of or relating to any matter, thing or event occurring up to and including the date of this Agreement. Harley's release specifically includes, but is not limited to: . . . any and all Claims in contract, tort, or under any statute . . . ." *See* Ex. C, 2006 Settlement Agreement ¶ 6.

27.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Pennsylvania is the federal district "embracing the place where such action is pending," namely, Philadelphia County, Pennsylvania.

28.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served upon Defendants in the State Court Action.

29.     Pursuant to 28 U.S.C. § 1446(d), Fanatics will promptly serve written notice of the filing of this Notice of Removal upon Plaintiff and file a copy with the Clerk of the Court of Common Pleas of Philadelphia County.

30.     The forum-defendant rule of 28 U.S.C. § 1441(b)(2) does not bar removal because this action is removable on the basis of federal-question jurisdiction under 28 U.S.C. § 1331, to which the forum-defendant rule does not apply. *See* 28 U.S.C. § 1441(a)–(b).

31.     By filing this Notice of Removal, Fanatics does not waive, and expressly reserves, any and all defenses, objections, motions, or other responses available to it in this action, including but not limited to challenges to personal jurisdiction, sufficiency of service of process, failure to state a claim, and any other defense available under the Federal Rules of Civil Procedure or applicable law.

**WHEREFORE**, Defendant Fanatics respectfully provides notice of the removal of this action from the Court of Common Pleas of Philadelphia County, First Judicial District, Civil Trial Division, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and requests that this Court accept jurisdiction over this matter.

Dated: July 9, 2026

*/s/ Marcel S. Pratt*
Marcel Pratt, Esq. (ID No. 307483)
Travis W. Watson, Esq. (ID No. 330753)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.665.8500
PrattM@ballardspahr.com
WatsonTw@ballardspahr.com

*Attorneys for Fanatics, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, the foregoing Notice of Removal, along with the

accompanying exhibits and Civil Cover Sheet, were filed using the Court's ECF filing system.

Copies of these documents were also sent via United States First Class Mail and electronic mail

to counsel for Reuben Harley at their addresses of record:

Emeka Igwe, Esq.
THE IGWE FIRM
Two Penn Center
1500 JFK Boulevard, Suite 1900
Philadelphia, PA 19102
emeka@igwefirm.com

Dated: July 9, 2026

*/s/ Marcel S. Pratt*
Marcel Pratt, Esq. (ID No. 307483)

*Attorney for Fanatics, LLC*