# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REUBEN HARLEY | : |
| | : |
| | : |
| *Plaintiff* | : |
| v. | : Civil Action No. _____ |
| | : |
| MITCHELL & NESS NOSTALGIA CO.; and | : |
| | : |
| FANATICS, INC. | : |
| | : |
| *Defendants* | : |
| | : |

## DECLARATION OF MARGARET ("PEGGY") O'BRIEN

I, Margaret ("Peggy") O'Brien, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am the Senior Director of Tax Operations at Fanatics Holdings, Inc. ("FHI"). My duties include overseeing all aspects of domestic and international corporate tax operations across the business, including tax provision, cash tax forecasting, federal and state compliance, transfer pricing, 1042 withholding, and aviation taxes. I am familiar with the facts stated herein. I make this declaration based upon my personal knowledge of Fanatics and its corporate structure.

2. Fanatics Apparel, LLC ("Fanatics Apparel") is a limited liability company (LLC) formed under the laws of the State of Florida; no member of Fanatics Apparel or person in its chain of ownership is a citizen of Pennsylvania. Fanatics Apparel is wholly owned by Fanatics, LLC, which is an LLC formed under the laws of the State of Delaware; no member of Fanatics, LLC or person in its chain of ownership is a citizen of Pennsylvania. Fanatics, LLC is wholly owned by Fanatics Commerce Intermediate Holdco, LLC ("Intermediate Holdco"), which is an LLC formed under the laws of the State of Delaware; no member of Intermediate Holdco or person in its chain

of ownership is a citizen of Pennsylvania. Intermediate Holdco is wholly owned by Fanatics Commerce Holdco, Inc. ("Commerce Holdco"), a Delaware corporation with its principal place of business in the State of New York. Commerce Holdco is wholly owned by Fanatics Global Holdco, LLC ("Global Holdco"), which is an LLC formed under the laws of the State of Delaware; no member of Global Holdco or person in its chain of ownership is a citizen of Pennsylvania. Global Holdco is wholly owned by FHI, a Delaware corporation with its principal place of business in the State of New York.

3. Fanatics, Inc. was a Delaware corporation with its principal place of business in the State of Florida. In or around 2021, Fanatics, Inc. was converted into Fanatics, LLC.

4. Mitchell & Ness Nostalgia Company ("M&N Nostalgia"), identified in the complaint as a "Pennsylvania business entity," ceases to exist. *See* Articles/Certificate of Merger dated December 19, 2007, attached hereto as **Attachment 1**.

5. In 2007, M&N Nostalgia was merged into Mitchell & Ness, a Pennsylvania corporation ("M&N-PA"). *Id.* M&N-PA is no longer an operational entity and the Pennsylvania Department of State identifies its status as "County Orphan." *See* Pennsylvania Dept. of State, Business Entity Search, located at https://file.dos.pa.gov/search/business.

6. In 2022, Fanatics Apparel formed a holding company, Mitchell & Ness Holdco, LLC ("M&N Holdco"), which acquired 100% of the interests in Mitchell & Ness LLC ("M&N LLC"), which was created in 2016.

7. M&N LLC is incorporated in the State of Delaware. No member or owner of M&N LLC is a citizen of Pennsylvania.

8. M&N Holdco is incorporated in the State of Delaware. No member of M&N Holdco or person in its chain of ownership is a citizen of Pennsylvania.

I declare under penalty of perjury, that the foregoing is true and correct.

Date: 7/9/26

Margaret ("Peggy") O'Brien
Senior Director – Corporate Tax

# Attachment 1

Entity #: 235141
Date Filed: 12/19/2007
Effective Date: 12/31/2007
Pedro A. Cortés
Secretary of the Commonwealth

# PENNSYLVANIA DEPARTMENT OF STATE
# CORPORATION BUREAU

## Articles/Certificate of Merger

(15 Pa.C.S.)

__X__ Domestic Business Corporation (§ 1926)
_____ Domestic Nonprofit Corporation (§ 5926)
_____ Limited Partnership (§ 8547)

| | |
|---|---|
| Name<br>Gina C. Monaco, Paralegal; Fox Rothschild LLP | **Document will be returned to the name and address you enter to the left.** |
| Address<br>2000 Market Street, 10th Floor | ⇐ |
| City               State               Zip Code<br>Philadelphia, PA   19103-3291 | |

Commonwealth of Pennsylvania
ARTICLES OF MERGER-BUSINESS 7 Page(s)

Fee: $150 plus $40 additional for each
Party in additional to two

T0735464027

  In compliance with the requirements of the applicable provisions (relating to articles of merger or consolidation), the undersigned, desiring to effect a merger, hereby state that:

> 1. The name of the corporation/limited partnership surviving the merger is:
> Mitchell & Ness

> 2. *Check and complete one of the following:*
> X The surviving corporation/limited partnership is a domestic business/nonprofit corporation/limited partnership and the (a) address of its current registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is (the Department is hereby authorized to correct the following information to conform to the records of the Department):
>
> | (a) Number and Street | City | State | Zip | County |
> |---|---|---|---|---|
> | 1209 Arch Street, Philadelphia, PA | | | | Philadelphia |
>
> | (b) Name of Commercial Registered Office Provider | County |
> |---|---|
> | c/o | |
>
> ____The surviving corporation/limited partnership is a qualified foreign business/nonprofit corporation /limited partnership incorporated/formed under the laws of_____ and the (a) address of its current registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is (the Department is hereby authorized to correct the following information to conform to the records of the Department):
>
> | (a) Number and Street | City | State | Zip | County |
> |---|---|---|---|---|
> | | | | | |
>
> | (b) Name of Commercial Registered Office Provider | County |
> |---|---|
> | c/o | |
>
> ____The surviving corporation/limited partnership is a nonqualified foreign business/nonprofit corporation/limited partnership incorporated/formed under the laws of_____ and the address of its principal office under the laws of such domiciliary jurisdiction is:
>
> | Number and Street | City | State | Zip |
> |---|---|---|---|
> | | | | |

3. The name and the address of the registered office in this Commonwealth or name of its commercial registered office provider and the county of venue of each other domestic business/nonprofit corporation/limited partnership and qualified foreign business/nonprofit corporation/limited partnership which is a party to the plan of merger are as follows:

| Name | Registered Office Address | Commercial Registered Office Provider | County |
|---|---|---|---|

Mitchell & Ness Nostalgia Company; 1220 Walnut Street, Philadelphia, PA   19107          Philadelphia

---

4. *Check, and if appropriate complete, one of the following:*

____ The plan of merger shall be effective upon filing these Articles/Certificate of Merger in the Department of State.

  X  The plan of merger shall be effective on: __12/31/07_____ at _11:59 P.M._____ .
                                          Date                    Hour

---

5. The manner in which the plan of merger was adopted by each domestic corporation/limited partnership is as follows:

       Name                                          Manner of Adoption
Mitchell & Ness - by written consent of the sole shareholder and the sole director

Mitchell & Ness Nostalgia Company - by written consent of the sole shareholder and the sole director

---

6. *Strike out this paragraph if no foreign corporation/limited partnership is a party to the merger.*
   ~~The plan was authorized, adopted or approved, as the case may be, by the foreign business/nonprofit~~
   corporation/limited partnership (or ~~each of the foreign business/nonprofit~~ corporations/limited partnerships) party to
   ~~the plan in accordance with the laws of the jurisdiction in which it is incorporated/organized~~

---

7. *Check, and if appropriate complete, one of the following:*

  X  The plan of merger is set forth in full in Exhibit A attached hereto and made a part hereof.

____ Pursuant to 15 Pa.C.S. § 1901/§ 8547(b) (relating to omission of certain provisions from filed plans) the provisions, if any, of the plan of merger that amend or constitute the operative provisions of the Articles of Incorporation/Certificate of Limited Partnership of the surviving corporation/limited partnership as in effect subsequent to the effective date of the plan are set forth in full in Exhibit A attached hereto and made a party hereof. The full text of the plan of merger is on file at the principal place of business of the surviving corporation/limited partnership, the address of which is.

| Number and street | City | State | Zip | County |
|---|---|---|---|---|

IN TESTIMONY WHEREOF, the undersigned corporation/limited partnership has caused these Articles/Certificate of Merger to be signed by a duly authorized officer thereof this

__14__ day of _December_ ,

_2007_ .

MITCHELL & NESS
_____
Name of Corporation/Limited Partnership

_____
Signature

Peter Capolino, President
_____
Title


MITCHELL & NESS NOSTALGIA COMPANY
_____
Name of Corporation/Limited Partnership

_____
Signature

Peter Capolino, President
_____
Title

## PLAN OF MERGER

by

## MITCHELL & NESS NOSTALGIA COMPANY
### (a Pennsylvania corporation)

### with and into

## MITCHELL & NESS
### (a Pennsylvania corporation)

---

This Plan of Merger is made as of the *13th* day of December, 2007, by and between Mitchell & Ness Nostalgia Company, a Pennsylvania corporation (herein sometimes referred to as the "Merging Corporation"), and Mitchell & Ness, a Pennsylvania corporation (herein sometimes referred to as the "Surviving Corporation"), pursuant to Section 1921 of the Pennsylvania Business Corporation Law of 1988, as amended (the "BCL"). The Merging Corporation and the Surviving Corporation are herein sometimes referred to jointly as the "Constituent Corporations" and individually as a "Constituent Corporation."

### Background

The Surviving Corporation is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania. The Articles of Incorporation of the Surviving Corporation were filed in the office of the Secretary of the Commonwealth of Pennsylvania on January 9, 1929 and have been subsequently amended on various occasions. The Surviving Corporation has authority to issue up to 4,000 shares of common stock, with a par value of $.10 per share. As of the date hereof, all issued and outstanding shares of the Surviving Corporation are held by Peter Capolino.

The Merging Corporation is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania. The Articles of Incorporation of the Merging Corporation were filed in the office of the Secretary of the Commonwealth of Pennsylvania on July 5, 1988. The aggregate number of shares which the Merging Corporation has authority to issue is 1,000 shares of common stock, without par value. As of the date hereof, all issued and outstanding shares of the Merging Corporation are held by Peter Capolino.

The Board of Directors and sole Shareholder of the Merging Corporation and the Board of Directors and sole Shareholder of the Surviving Corporation have determined that it is in the best interests of the Merging Corporation and Surviving Corporation and their respective Shareholders to merge the Merging Corporation with and into the Surviving Corporation as provided herein.

## The Plan

### 1.  The Merger.

At the "Effective Time" (as defined in Section 4 hereof), the Constituent Corporations shall be merged into a single corporation in accordance with the applicable provisions of the BCL, by the Merging Corporation merging with and into the Surviving Corporation. The Surviving Corporation shall be the surviving corporation. The separate existence of the Merging Corporation shall cease at the Effective Time, and the Surviving Corporation shall thereafter possess all rights, privileges, immunities, powers, licenses, permits, franchises and purposes of each of the Constituent Corporations, both of a public and private nature, and all of their properties (real, personal or mixed, tangible or intangible) including, without limitation, all rights under any agreements or contracts and all causes of action. Every other asset of each of the Constituent Corporations as of the Effective Time shall be vested, or continued to be vested, in the Surviving Corporation without further act or deed. All of the rights of creditors and liens upon the properties of the Merging Corporation shall be preserved unimpaired, and the Merging Corporation shall be deemed to continue in existence to preserve the same. All debts, liabilities, restrictions and duties, including, without limitation, guarantees and suretyships, of the Merging Corporation shall attach to the Surviving Corporation and be enforceable against the Surviving Corporation to the same extent as if they had been incurred by it. The transaction described in this Section 1 is hereinafter referred to as the "Merger."

### 2.  Articles, Bylaws, Directors and Officers.

2.1.  Articles of Incorporation.  At the Effective Time, the Articles of Incorporation of the Surviving Corporation shall be amended to change (a) the name of the Surviving Corporation to "Peter Capolino & Associates, Inc." and (b) the registered address of the Surviving Corporation to 613 Pine Street, Philadelphia, PA 19106. The Articles of Incorporation of the Surviving Corporation as amended in accordance with the preceding sentence shall continue in full force and effect as the Articles of Incorporation of the Surviving Corporation after the Effective Time, unless and until subsequently amended as provided therein.

2.2.  Bylaws.  The bylaws of the Surviving Corporation in effect on the date hereof shall continue in full force and effect as the bylaws of the Surviving Corporation (the "Bylaws") at and after the Effective Time, unless and until subsequently amended as provided therein.

2.3.  Directors and Officers.  The directors and officers of the Surviving Corporation serving at the Effective Time shall continue to serve in their respective capacities on behalf of the Surviving Corporation from the Effective Time until the end of their respective terms and until their respective successors have been duly elected and qualified, subject to removal, resignation or such other change as may otherwise occur, all in accordance with the Bylaws.

2

3. <u>Status of Outstanding Capital Stock</u>.

3.1. <u>Surviving Corporation Stock</u>. All shares of the Surviving Corporation issued and outstanding prior to the Effective Time shall remain issued and outstanding, and no additional shares of Surviving Corporation shall be issued as a result of the Merger.

3.2. <u>Merging Corporation Stock</u>. At the Effective Time, all shares of the Merging Corporation shall, by virtue of the Merger and without any action on the part of the record holder thereof, automatically be canceled and extinguished.

4. <u>Effective Time</u>.

Each Constitutent Corporation shall consummate the Merger by executing and filing with the Secretary of the Commonwealth of Pennsylvania, and any other required office, articles of merger in the manner provided by the BCL and taking all other actions necessary for the Merger to be effective as provided in this Plan of Merger. The Merger shall be effective on December 31, 2007 at 11:59 P.M. Eastern Standard Time (the "<u>Effective Time</u>").

5. <u>Additional Documents</u>.

The Merging Corporation shall, from time to time and at any time, before or after the Effective Time, as and when requested by the Surviving Corporation or its successors or assigns, execute and deliver, or cause to be executed and delivered, all such bills of sale, assignments, deeds and instruments, give such assurances and take or cause to be taken all such further or other action, as the Surviving Corporation may deem necessary or desirable in order to vest in and to confirm to the Surviving Corporation title to and possession of any property of the Merging Corporation acquired or to be acquired by reason of, or as a result of, the Merger, and otherwise to carry out the intent and purposes hereof.

6. <u>"Reorganization" under Internal Revenue Code</u>.

The Merger, being a statutory merger, shall be a "reorganization" as defined under Section 368(a)(1)(a) of the Internal Revenue Code of 1986, as amended.

7. <u>Governing Law</u>.

This Plan of Merger shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

8. <u>Approval and Adoption of this Plan of Merger</u>.

This Plan of Merger has been approved and duly adopted by the Boards of Directors and sole Shareholder of each Constituent Corporation in accordance with the applicable provisions of the BCL.